# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEVON M. JENKINS,**

      **Petitioner,**

vs.                                      **NO. 18-CV-01994-DRH**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER

**HERNDON, District Judge:**

      Before the Court is the Government's Motion for Order Requiring Counsel to Provide Written Response, which maintains that Petitioner's § 2255 motion contains allegations of ineffective assistance of counsel during the pre-trial and plea proceedings in Petitioner's underlying criminal case. In its motion, the Government indicates it has requested that Federal Public Defender Stephen Welby and Bob Herman, Esq., provide it with an affidavit addressing Petitioner's allegations of ineffectiveness. Mr. Welby has advised Government counsel that his office believes that ABA Formal Opinion 10-456 prohibits counsel from providing an affidavit or otherwise disclosing confidential client information absent a court order requiring defense counsel to do so. Mr. Herman also has requested a court order requiring his response.

      This Court has conducted a preliminary review of Petitioner's § 2255 motion and finds that Petitioner's allegations relate directly or indirectly to

communications and advice between Petitioner and defense counsel, Mr. Welby and Mr. Herman.

The Court notes that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with the allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716-17 (9th Cir. 2003) (citing *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)); *In re Lott*, 139 F. App'x. 658 (6th Cir. 2005) ("In the habeas context, courts have found implied waiver of the attorney-client privilege when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'") (*citing Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)).

The Government also requests an extension in which to respond from the deadline previously set by this Court to January 10, 2019, to ensure that Mr. Welby and Mr. Herman have ample time to produce an affidavit and the Government has

adequate time to prepare an appropriate response.

Accordingly, **IT IS ORDERED** that the Government's motion is **GRANTED**. The Court **FINDS** that Petitioner's allegations of ineffective assistance of counsel on the part of Mr. Welby and Mr. Herman operate as a waiver of the attorney-client privilege.

**IT IS FURTHER ORDERED** that Mr. Welby and Mr. Herman are **ORDERED** to provide an affidavit expressly addressing Petitioner's allegations of ineffective assistance of counsel and provide that affidavit to Counsel for the Government for inclusion with its response.

**IT IS FURTHER ORDERED** that the Government shall file its response on or before January 10, 2019.

**IT IS SO ORDERED.**

Judge Herndon
2018.11.02
18:10:36 -05'00'

United States District Judge